**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Appellant,<br><br>v.<br><br>Lawrence J Warfield, et al.,<br><br>　　　　　Appellees. | No. CV-20-08204-PCT-DWL<br><br>**ORDER** |

　　　　This is a bankruptcy appeal. In April 2021, the Court affirmed the bankruptcy court's grant of summary judgment to the Trustee. (Doc. 17.) However, in November 2022, the Ninth Circuit concluded that the bankruptcy court erred in granting the Trustee's motion. (Doc. 25-1.) The last sentence of the majority opinion stated: "REVERSED and REMANDED to the District Court with instructions for further proceedings consistent with this order." (*Id.* at 29.) Finally, in October 2023, after a lengthy delay apparently brought about by the Trustee's request for rehearing or rehearing *en banc*, the Ninth Circuit issued the mandate. (Doc. 25.) Afterward, this Court issued an order explaining that "[i]t appears that the only appropriate step is to simply remand this action to the bankruptcy court for further proceedings consistent with the Ninth Circuit's opinion. However, before pursuing that course of action, the Court will give the parties an opportunity to be heard. If any party believes the Court should follow a different course of action, it may file a notice to that effect . . . . If no party files such a notice, the Court will proceed with its plan to remand to the bankruptcy court." (Doc. 26.)

On December 6, 2023, in response to the Court's order, the Trustee filed a notice explaining that "he will be filing a petition for a writ of certiorari with the United States Supreme Court asking that court to accept jurisdiction and reverse the ruling of the Ninth Circuit Court of Appeals. Consequently, appellee does not believe that a further remand to the bankruptcy court is warranted at this time." (Doc. 27.) About a week later, on December 14, 2023, the Trustee provided a copy of the certiorari petition he had just filed in the Supreme Court. (Doc. 28.) The United States has not responded to either filing.

These developments create an unusual situation. The Trustee is effectively seeking a stay of this action pending the resolution of his certiorari petition. On the one hand, such a request is ordinarily made by filing a motion with the circuit court before the issuance of the mandate. *See* Fed. R. App. P. 41(d)(1) ("A party may move to stay the mandate pending the filing of a petition for a writ of certiorari in the Supreme Court. The motion must be served on all parties and must show that the petition would present a substantial question and that there is good cause for a stay."); *United States v. Pete*, 525 F.3d 844, 850 n.9 (9th Cir. 2008) (same). The Trustee did not follow that approach here. Nor is it clear that this Court possesses the same power to issue a stay pending the resolution of a certiorari petition as a circuit court. Under Rule 8025(b) of the Federal Rules of Bankruptcy Procedure, a district court is empowered to issue a "stay pending appeal to the court of appeals," but that stay only "continues until final disposition by the court of appeals." In contrast, under Rule 8025(d), "the power of a court of appeals or any of its judges" to issue a stay is "not limited." The juxtaposition of these two provisions—where district judges overseeing bankruptcy appeals are only given the limited authority to issue a stay pending an appeal to the court of appeals, while circuit judges overseeing bankruptcy appeals have unlimited stay-issuance powers—raises an inference that district courts do not possess the authority to issue a post-remand stay pending the resolution of a certiorari petition. *See generally Silvers v. Sony Pictures Entertainment, Inc.*, 402 F.3d 881, 885 (9th Cir. 2005) (en banc) ("The doctrine of *expressio unius est exclusio alterius* as applied to statutory interpretation creates a presumption that when a statute designates certain persons, things, or manners of

operation, all omissions should be understood as exclusions.") (quotation omitted).

On the other hand, assuming that the Court does possess the power to issue the requested stay and that the request is governed by the same standards that would have applied had the Trustee sought relief from the Ninth Circuit, those standards are not particularly onerous. Although a stay request pending the resolution of a certiorari petition should not be granted as a matter of course, the movant is not required to establish the existence of exceptional circumstances. *See, e.g.*, 9th Cir. R. 41-1 ("[A] motion for stay of mandate pursuant to FRAP 41(d), pending petition to the Supreme Court for certiorari, will not be granted as a matter of course, but will be denied if the Court determines that the petition for certiorari would be frivolous or filed merely for delay."); *Campbell v. Wood*, 20 F.3d 1050, 1051 (9th Cir. 1994) (emphasizing that "ordinarily a party need not demonstrate that exceptional circumstances justify a stay of the mandate" while a certiorari petition is pending); *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528-29 (9th Cir. 1989) ("Ordinarily, then, a party seeking a stay of the mandate following this court's judgment need not demonstrate that exceptional circumstances justify a stay. The situation changes markedly, however, once the Supreme Court has denied the petition for a writ of certiorari."). Additionally, and perhaps most important, it's not clear that the United States even opposes the Trustee's stay request here.

Under the circumstances, the Court concludes that the most prudent course of action is to treat the Trustee's recent filings as a stay request. In an abundance of caution, the Court will also afford the United States a final opportunity to be heard in opposition to that request. If the United States does not respond, the stay request will be granted (notwithstanding some of the concerns raised above) pursuant to LRCiv 7.2(i), which authorizes the Court to summarily grant any unopposed motion. *See* LRBankr 8018-1 ("In cases where these Local Rules of Bankruptcy Appeal Procedure and the FRBP are silent as to a particular matter of practice relating to a bankruptcy appeal, the District Court may apply . . . this Court's Local Rules of Civil Procedure . . . .").

…

Accordingly,

**IT IS ORDERED** that the Trustee's recent filings (Docs. 27, 28) are construed as a request for stay. The United States has until January 4, 2024 to file a response. If no response is filed, the stay request will be granted summarily pursuant to LRCiv 7.2(i).

Dated this 18th day of December, 2023.

Dominic W. Lanza
United States District Judge